# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICKEY TAYLOR (#388969)**                                **CIVIL ACTION NO.**

**VERSUS**                                                            **19-200-JWD-SDJ**

**UNKNOWN LOLLIS, ET AL.**

## OPINION

Before the Court are the Report and Recommendation of the Magistrate Judge, which recommends granting the Motion for Summary Judgment filed by Defendants Kelly and Lollis and dismissing this case in its entirety, and an objection that contains new evidence filed by Plaintiff, Mickey Taylor.[1]  For the following reasons, the new evidence[2] submitted with the objection will not be considered and the Report will be adopted in its entirety, resulting in dismissal of this case.

With respect to the evidence submitted by the Plaintiff after the issuance of the Report, the Court is not obligated to consider that evidence, nor is it required to exclude that evidence from consideration.[3]  The Court has the discretion to determine whether the evidence should be considered.  In determining whether to consider the evidence presented after the issuance of the Report and Recommendation, the Court should make similar considerations as it makes when determining whether to grant a Rule 59(e) motion to alter or amend a judgment.[4]  The factors to consider in exercising this discretion include "(1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to

---

[1] R. Docs. 38 & 39.
[2] R. Doc. 39.
[3] *Freeman v. County of Bexar*, 142 F.3d 848, 852-53 (5th Cir. 1998).
[4] *Id.*

the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted."[5]

Here, the factors indicate that the new evidence should not be considered. Plaintiff has not provided any reason why he was unable to present the evidence now before the Court prior to the issuance of the Report. In fact, one piece of evidence submitted by Plaintiff, the affidavit of Phillip Cain[6] is dated August 1, 2018. Thus, at least some, if not all, of the evidence required to defeat summary judgment was available to Plaintiff long before the Motion for Summary Judgment was ever filed. Indeed, the only evidence submitted by Plaintiff consists of "affidavits" of other prisoners, and there is no apparent reason why this evidence could not have been timely submitted in opposition to the Motion for Summary Judgment. Because there is no observable reason for the delay in submitting this evidence and opposing the Motion, and the evidence appears to have been available prior to the deadline to respond to the Motion for Summary Judgment, the evidence should not be considered, despite its importance to the Plaintiff's case. Other Courts have declined to consider "new" evidence in similar circumstances where the submitted evidence was apparently available prior to the deadline to respond to the relevant motion.[7]

Moreover, this case is distinguishable from the scenarios in which a court should consider "new" evidence presented after the issuance of the report and recommendation, which scenarios generally involve an opposition that was timely filed with evidence that was defective in form, and this evidence is converted into competent summary judgment evidence during the objection period.[8] This case is clearly distinct from that scenario as the evidence presented during the

---

[5] *Id.*

[6] R. Doc. 39, p. 3.

[7] *See Zamora v. Stephens*, No. 15-281, 2016 WL 4190152, at *2 (S.D. Tex. Aug. 9, 2016).

[8] *See Wright v. Smith*, 737 Fed.Appx. 183, 186 (5th Cir. 2018) (wherein the district court abused its discretion in not considering new evidence submitted after the issuance of a report and recommendation when the plaintiff originally opposed summary judgment with unsworn declarations and merely sought to correct the defects in the declarations after the issuance of the report and recommendation).

2

objection period here was wholly new and had never been presented before.  Accordingly, after considering the relevant factors, it is appropriate to decline to consider this evidence submitted after issuance of the Report.

In addition to the above factors, a holistic review of the entire record compels the conclusion that Plaintiff should not be permitted to submit evidence to defeat the Motion for Summary Judgment at the proverbial eleventh hour.  As a result of Plaintiff's *pro se* status, he was treated with much leniency throughout these proceedings.  Despite this leniency, Plaintiff failed to act with any haste or diligence throughout the entirety of this litigation.  Indeed, once some[9] Defendants were served, Plaintiff failed to timely propound *any* discovery and never answered the discovery propounded by Defendants.[10]  The Motion for Summary Judgment was filed on November 23, 2020.[11]  Plaintiff never filed a true opposition to the Motion for Summary Judgment; Plaintiff only filed a document entitled "Notice of Intent of Filing Objection of Motion for Summary Judgment Continuance, Explanation of Time to File Objection Rebuttal, Opposition of Filing for Summary Judgment."[12]  Based upon the substance of this document, and, again, on Plaintiff's *pro se* status, the Court extended the deadlines for discovery and for Plaintiff to oppose the Motion for Summary Judgment.[13]  The Court granted Plaintiff until May 28, 2021 to conduct discovery and until July 9, 2021 to oppose the Motion for Summary Judgment.[14]  This incredibly lenient extension gave Plaintiff nearly eight months to file an opposition to the Motion for Summary Judgment.  Despite this incredible extension, Plaintiff failed to file a true opposition to

---

[9] Plaintiff has only effected service against Defendants Lollis and Kelly in this case.  Defendants Brown, Groom, and Washington have yet to be served and are subject to dismissal for that reason as indicated in the Report.  R. Docs. 24 & 38.
[10] R. Doc. 27.
[11] R. Doc. 31.
[12] R. Doc. 33.
[13] R. Doc. 35.
[14] R. Doc. 35.

the Motion for Summary Judgment.  Because no other document in the record could be considered an opposition, the Magistrate Judge considered the previous "Notice" as the opposition to the Motion.[15]  Even considering this, Plaintiff had failed to put forth any evidence sufficient to defeat summary judgment.  Accordingly, the Magistrate Judge recommended granting summary judgment and dismissing this case.[16]

Considering that Plaintiff was provided with ample opportunities to oppose the Motion for Summary Judgment, that the necessary evidence was available to Plaintiff long before the filing of the Motion for Summary Judgment, that Plaintiff has provided no reason for his delay in submitting evidence in opposition of the Motion for Summary Judgment, and that Defendants would be greatly prejudiced by the Court's consideration of the newly submitted evidence at this time, the evidence[17] is not considered.  Accordingly, after independently reviewing the entire record in this case and for the reasons set forth in the Magistrate Judge's Report dated July 26, 2021,

**IT IS ORDERED** that the exercise of supplemental jurisdiction is declined, that the Motion for Summary Judgment filed by Unknown Kelly and Unknown Lollis is **GRANTED**, and that Mickey Taylor's claims against Kelly and Lollis be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Mickey Taylor's claims against Brown, Groom, and Washington are **DISMISSED WITH PREJUDICE** for failure of Mickey Taylor to timely effect service against these Defendants and this case is **CLOSED**.

---

[15] *See* R. Doc. 38, p. 2.
[16] The granting of summary judgment was recommended in addition to dismissing Brown, Groom, and Washington *sua sponte*, as a result of Plaintiff's failure to serve these Defendants, which results in total dismissal of this action. R. Doc. 38.
[17] R. Doc. 39.

**IT IS FURTHER ORDERED** that the Motion to Strike[18] filed by Lollis and Kelly is

**DENIED AS MOOT**.[19]

Signed in Baton Rouge, Louisiana, on <u>September 7, 2021</u>.

_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] R. Doc. 40.

[19] The Motion sought to strike the exhibits to Plaintiff's objection (R. Doc. 39), but because the Court has independently determined that the exhibits would not be considered, the Motion is moot.